Trelawney Kitchen (10374)
LAW OFFICES OF SEMHA ALWAYA, APC
2000 Powell Street, Suite 125
Emeryville, California 94608
Telephone: (510) 595-7900
Facsimile: (510) 595-9049
Email: tjkitchen@alwayalaw.com
AND
L. Kristopher Rath (5749)
Cynthia G. Milanowski (5652)
HUTCHISON & STEFFEN, PLLC
Peccole Professional Park
10080 W. Alta Drive, Suite 200
Las Vegas, Nevada 89145
Telephone: (702) 385-2500
Facsimile: (702) 385-2086
Email: krath@hutchlegal.com
Email: cmilanowski@hutchlegal.com

*Attorneys for Plaintiff*
*Colony Insurance Company*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL FIRE AND MARINE INSURANCE COMPANY; FIREMANS FUND INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-00888-RFB-PAL<br><br>**JOINT STIPULATION AND ORDER FOR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

Plaintiff Colony Insurance Company ("Colony") and defendants National Fire & Marine Insurance Company ("NF&M"), Firemans Fund Insurance Company ("FFIC") and Does 1 through 10 (each a "Party" and collectively, the "Parties"), by and through their undersigned

1

counsel, hereby stipulate, request and jointly move the court to enter into this Stipulated Confidentiality Agreement and Protective Order (the "Stipulated Protective Order") pursuant to FRCP 26(c)(1). The Parties have agreed and stipulated to the entry of this Stipulated Protective Order for the protection of certain information, confidential records, and related information produced or otherwise disclosed by the Parties in this coverage action as follows:

1. The Parties anticipate that they may produce or may be required to produce documents, information, or evidence that relates to non-public information that a Party alleges is proprietary or confidential. This Stipulated Protective Order is designed to protect such information from public disclosure.

2. Any Party may designate certain documents, testimony, or other discovery material, and all copies thereof, as "Confidential" pursuant to the terms of this Stipulated Protective Order. Should any Party disagree with such designation, any other Party may seek judicial relief from same. Documents subject to this Stipulated Protective Order shall include only such material that a Party reasonably believes not to be in the public domain and that contains any confidential information regarding two underlying construction defect actions titled *Alstatt, et al. v. Centex Homes, et al.,* Clark County District Court Case No. A-13-683173-D ("*Alstatt* Action"), and *Ceccarelli Revocable Living Trust, et al. v. Centex Homes,* Clark County District Court Case No. A-15-722350-D ("*Ceccarelli* Action") (hereinafter referred to collectively as the "Underlying Actions").

    (a) A document or information contained in a document or discovery response given or filed in this lawsuit may be designated "Confidential" by stamping or otherwise marking (in such manner as will not interfere with the legibility of the

2

document) each page of a document containing Confidential information with the word "CONFIDENTIAL." Any copies or reproductions, excerpts, summaries or other documents or media that paraphrase, excerpt or contain Confidential information shall also be treated as Confidential pursuant to this Stipulated Protective Order.

3. Any inadvertent failure to designate a document of information "Confidential" during production may be corrected by prompt written notification to all counsel of record. Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4. All "Confidential" material shall be used solely for the prosecution or defense of the claims being litigated in this coverage action, or in any case, mediation, or arbitration arising out of, or related to, this coverage action, and for no other purpose. Unless and until the Court rules that documents or information designated as "Confidential" shall not be treated as "Confidential," persons who receive documents or information so designated **shall use and treat it as such, and shall not under any circumstances disclose it to anyone** except to the following persons:

    (a)    Named Parties;

    (b)    Attorneys for Named Parties;

    (c)    Persons employed by the Named Parties or working under the direction of attorneys for the Named Parties, including secretaries and legal assistants, to the

extent necessary to perform specific duties in connection with this coverage action.

5. After the court enters this protective order, the Parties may share the protected confidential information with the additional following individuals.

   (a) Independent experts or consultants retained by a Party or an attorney for purposes of this coverage litigation;

   (b) Deponents;

   (c) The Court and Court personnel, stenographic reporters, videographers at depositions, mediators, arbitrators or any judges in any case, mediation, or arbitration arising out of, or related to, this case, subject to the protections of any Stipulated Protective Order the Court subsequently enters to further preserve the confidentiality of documents used at trial.

6. Prior to dissemination of documents or information designated "Confidential," or the contents thereof, to a person described in paragraphs 4(a)-(c), and after the court issues its protective order 5(a)-(c), that person shall be advised by counsel making such dissemination of the terms of this Stipulated Protective Order.

7. Subsequent to the entry of the Court's Protective Order, any Party who seeks to make any document or information designated "Confidential" a part of the record shall file a motion seeking a Stipulated Protective Order permitting the document to be filed under seal; alternatively, the Parties can stipulate to the information as being designated "Confidential" and filed under seal.

8. A Party seeking to seal documents shall submit a separate memorandum of points and authorities seeking such a court order. Any application to seal documents shall be served on opposing counsel together with the documents proposed to be filed under seal. Such service on opposing counsel shall be made timely so as to allow opposing counsel ample time to respond without causing a delay in the proceeding.

9. This Stipulated Protective Order shall remain in full force and effect until modified, superseded, or terminated by written consent of the Parties or by order of the Court, and shall survive the termination of this action.

10. Nothing herein shall impose any confidentiality obligation upon information which was already in the public domain.

11. Should any Party violate the protective order entered upon this agreement, upon noticed motion by the Party affected, the court may consider the appropriate sanctions to be imposed.

12. Each Party receiving material which has been designated as "Confidential" shall destroy or return all such materials upon the conclusion of this action and any appeals arising therefrom. This requirement shall not apply to Insurance Carriers that have a regulatory requirement and/or company policy to maintain insurance claim files following the conclusion of litigation and/or otherwise are not reasonably able to delete the materials from their filing system. Notwithstanding anything in this Stipulated Protective Order to the contrary, counsel for the respective Parties may retain one copy of the materials designated "Confidential" in his or her stored files for archival purposes, but may not use or disseminate such materials except as required by legal process, court order or law. Further, the Parties may disclose the

"Confidential" materials to other of their attorneys, auditors, accountants, tax preparers, insurers, reinsurers, and retrocessionaires, if any.

13. If the Alstatt Action has not concluded at the conclusion of this coverage action, within thirty (30) days after the conclusion of this coverage action, including any appeals taken from a final judgment entered herein, all documents designated "Confidential" and copies thereof shall be returned to the Producing Party, other than that which is contained in pleadings, correspondence, and deposition transcripts. Counsel for the Parties shall either return to that Party or destroy any and all notes, extracts, summaries, and other materials that contain information derived from documents designated confidential within the time period upon consent of the Party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed. This section shall not apply to Insurance Carriers that have a regulatory requirement and/or company policy to maintain insurance claim files following the conclusion of litigation and/or otherwise are not reasonably able to delete the materials from their filing system.

14. The Parties may execute and acknowledge this Stipulated Protective Order in multiple counterparts, and if executed in such manner, it shall be valid and binding as if all Parties had executed the same original.

15. Nothing in this Stipulated Protective Order shall be construed as a waiver by any Party to assert confidentiality as a basis for refusing to produce documents requested or objecting to the admissibility of any document previously produced.

16. This stipulation, which is executed by the Parties who have appeared in this case at this present point in the litigation, shall be binding on all Parties who subsequently

appear in this coverage action.  All newly appearing parties shall be required to execute an acknowledgment that they have read this stipulation and agree to all of its terms.  Without such executed acknowledgment, a party subsequently appearing in this case shall not receive and will not be provided with any confidential documents, absent a court order to the contrary.

17. During the time this stipulation is under review by the Court and pending the Court's approval of this stipulation, all Parties agree they will abide by the terms of this stipulation.

**IT IS SO STIPULATED.**

| | |
|---|---|
| DATED this 2nd day of August, 2017. | DATED this 2nd day of August, 2017. |
| HUTCHISON & STEFFEN, PLLC | LAW OFFICES OF SEMHA ALWAYA, APC |
| */s/ Cynthia G. Milanowski* | */s/ Trelawney Kitchen* |
| L. Kristopher Rath (5749)<br>Cynthia G. Milanowski (5652)<br>Peccole Professional Park<br>10080 W. Alta Drive, Suite 200<br>Las Vegas, Nevada  89145<br>Telephone:  (702) 385-2500<br>krath@hutchlegal.com<br>cmilanowski@hutchlegal.com<br><br>*Attorneys for Plaintiff*<br>*Colony Insurance Company* | Trelawney Kitchen (10374)<br>2000 Powell Street, Suite 125<br>Emeryville, California 94608<br>Telephone:  (510) 595-7900<br>tjkitchen@alwayalaw.com<br><br>*Attorney for Plaintiff*<br>*Colony Insurance Company* |

/ / /

/ / /

/ / /

/ / /

/ / /

| | |
|---|---|
| DATED this 2nd day of August, 2017. | DATED this 2nd day of August, 2017. |
| SHIVES & ASSOCIATES LIMITED | ALVERSON TAYLOR MORTENSEN & SANDERS |
| */s/ Martin L. Shives* | */s/ Karie N. Wilson* |
| Martin L. Shives (7910)<br>Timothy P. Kitt (11828)<br>7473 West Lake Mead Drive, Suite 100<br>Las Vegas, Nevada 89128<br>Telephone: (702) 662-8188<br>martinshives@summer-shives.com<br>timothykitt@summer-shives.com | J. Bruce Alverson (1339)<br>Karie N. Wilson (7957)<br>6605 Grand Montecito Pkwy, Suite 200<br>Las Vegas, NV 89149<br>Telephone: (702) 384-7000<br>balverson@alversontaylor.com<br>kwilson@alversontaylor.com |
| *Attorneys for Defendant*<br>*National Fire & Marine Insurance Company* | *Attorneys for Defendants*<br>*Fireman's Fund Insurance Company* |

DATED this 2nd day of August, 2017.

HAIGHT BROWN & BONESTEEL LLP

*/s/ Kristian Moriarty*

Michael Leahy (Cal. Bar No. 82247)
Kristian Moriarty (Cal. Bar No. 291557)
2050 Main Street, Suite 600
Irvine, CA 92614
Telephone: (714) 426-4600
mleahy@hbblaw.com
kmoriarty@hbblaw.com
*Attorneys for Defendant*
*Fireman's Fund Insurance Company*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

Dated: August 7, 2017